## ROMOCO, INC. v OOSTERHOUDT, etc.

Case No. 87-194-SP-10-P

County Court, Monroe County

July 10, 1987

**APPEARANCES OF COUNSEL**

**Lissa C. Pancare** for

**Bud Brewer** for

**OPINION OF THE COURT**

RICHARD G. PAYNE, County Judge.

Plaintiff sues defendant seeking reimbursement for two checks cashed

at Plaintiff's business establishment drawn on Defendant's commercial checking account. One check was drawn paid to the order of "CASH" in the amount of $160 and a second check for $300 was made payable to "CHARLES A. KAROLY". Both checks bear the signature of the defendant.

Both checks were presented for payment by defendant's employee Charles A. Karoly. Karoly was required to produce two forms of identification and list his local address and telephone number on the back of the checks. On both occasions Karoly produced a State of Michigan drivers license and a City of Key West photo-identification card.

The court finds that the Plaintiff in accepting said checks for payment and in requiring proof of identification thereby accepted the checks in good faith and in accordance with reasonable commercial standards.

On the day of the cashing of the checks Karoly was supposed to have gone to the repair shop and brought back the Defendant's truck which had been or was supposed to have been repaired. When Karoly did not return, Defendant filed a stolen truck report with police. The truck was subsequently recovered at the Miami airport.

At trial Defendant states that he first learned of the existence of the checks in question approximately one week later when he was notified by his bank that the checks had been returned for reason of insufficient funds. Defendant stated that the checks were evidently stolen by Karoly from Defendant's office. Upon further inquiry, Defendant could not emphatically state that he did not sign the check written for $160 made payable to "Cash" and candidly admits that the signature thereon appears to be his signature but denies having signed the check for $300 although Defendant has a distinctive signature and the signatures appear to match his own. Defendant testified that it was not his practice to pre-sign checks.

The payor signature on each check match each other as well as the signature on Defendant's stop payment order and receipt for service of process in this case.

The Court, as finder of fact, finds that both payor signatures on each check in question are in fact the true signature of the Defendant.

Defendant either pre-signed checks in his checkbook prior to use or signed said checks and gave same to Karoly.

The check for $160 is not seriously in dispute—Defendant admits as much. As regards the check for $300, at the time of the alleged theft,

Defendant's truck was being repaired and Karoly was dispatched to go to the repair shop and bring the truck back to Defendant's place of business. It is therefore conceivable that this check was signed by the Defendant and the remaining portions left blank to be filled in by the trusted employee when the truck was picked up. It is apparent that Karoly signed his own name as the payee as said signature matches his endorsement on the back of both checks. It also appears that Karoly wrote in the amount of $300 as that figure matches the number 3 used when Karoly wrote the zip code for the City of Key West on the back of said checks.

Because the checks contain Defendant's signature, the only other possible explanation is that Karoly stole a pre-signed check from Defendant's office.

In either event, the pre-signing of a blank check or giving a signed blank check to an employee was an act of negligence which substantially contributed to the material alteration of the instruments by Karoly so as to preclude Defendant from asserting the alleged alterations as a defense to Plaintiff's claim for payment.

Florida Statute 673.406 provides that said negligence makes defendant liable for payment to a holder in due course who accepts the check in good faith without knowledge of the fraud.

The fraud was only made possible through defendant's negligence.

If the checks were not signed by the defendant he could not be held liable for payment to plaintiff.

"No person is liable on an instrument unless his signature appears thereon." F.S. 673.401

The premises considered, the Court finds that the defendant, TOM OOSTERHOUDT, BEST LITTLE PLANT SHOP IN KEY WEST, is indebted to the plaintiff, ROMOCO, INC., in the sum of $410 damages, together with the costs in this behalf expended and herein taxed at $37.67, for all of which let execution issue.

DONE and ORDERED in Chambers at Key West, Monroe County, Florida, this 10th day of July, 1987.